**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

------------------------------------------------------------------------x

Joshua Thurston,

                        Plaintiff,                                **C.A. No.:** 5:20-cv-513

        -against-                                    **DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
TransUnion, LLC,
USAA Federal Savings Bank,
Army and Air Force Exchange Service, dba Military Star.

                               Defendant(s).

------------------------------------------------------------------------x

## **COMPLAINT**

    Plaintiff Joshua Thurston ("Plaintiff"), by and through his attorneys, and as for his

Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant

Experian Information Solutions, Inc. ("Experian"), Defendant TransUnion, LLC ("Transunion"),

Defendant USAA Federal Savings Bank ("USAA"), and Defendant Army and Air Force

Exchange Service dba Military Star ("Military Star"), respectfully sets forth, complains, and

alleges, upon information and belief, the following:

## **JURISDICTION AND VENUE**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

       U.S.C. § 1681p *et seq.*

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3.  Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## **PARTIES**

4.  Plaintiff is a resident of the State of Texas, Bexar County, residing at 10822 Green Brook St., San Antonio, TX 78223.

5.  At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6.  Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Texas, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 211 E 7th Street, Ste 620, Austin, TX, 78701.

7.  At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8.  At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Texas, and may be served with process upon CT Corporation, its registered agent for service of process at 1999 Bryan St., Ste. 900 Dallas, TX, 75201.

10. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

11. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Texas, and may be served with process upon the Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, its registered agent for service of process at 211 E. 7th Street, Suite 620, Austin, TX, 78701.

13. At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

14. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant USAA is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service in the State of Texas at the Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, its registered agent for service of process at 211 E. 7th Street, Suite 620, Austin, TX, 78701.

16. Defendant Army and Air Force Exchange Service dba Military Star is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service in the State of Texas c/o John F. Bash, United States Attorney for the Western District of Texas, 601 NW Loop 410, Suite 600, San Antonio, TX 78216.

## FACTUAL ALLEGATIONS

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### USAA Violation and Dispute

18. On information and belief, on a date better known to Defendants Transunion and Experian ("Credit Bureaus"), the Credit Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to a USAA debt.

19. Plaintiff had financed a motorcycle purchase with a loan from USAA.

20. The inaccurate information furnished by Defendant USAA and published by the Credit Bureaus is inaccurate since on Transunion it lists the USAA debt as charged off as bad debt, as well as stating a past due balance, while on Experian it includes late payments.

21. In fact, Plaintiff had previously paid the loan in full and USAA acknowledged as much in a letter sent to the Plaintiff.

22. The Credit Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

23. Plaintiff notified the Credit Bureaus that he disputed the accuracy of the information the Credit Bureaus were reporting on or around December 24, 2018, via dispute letters sent to each credit bureau.

24. It is believed and therefore averred that the Credit Bureaus notified Defendant USAA of Plaintiff's disputes.

25. Upon receipt of the dispute of the account from the Plaintiff by the Credit Bureaus, USAA failed to conduct a reasonable investigation and continued to furnish false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

26. Furthermore, USAA failed to mark the account as disputed despite receiving notice of the Plaintiff's dispute.

27. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, the Credit Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make

an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

28. The Credit Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

29. Notwithstanding Plaintiff's efforts, Defendant Credit Bureaus sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

30. As of the date of the filing of this Complaint, Defendant USAA continues to furnish credit data which is inaccurate and materially misleading, and Defendants Transunion and Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

31. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

<u>Military Star Violation and Dispute</u>

32. On information and belief, on a date better known to Defendants Transunion, Equifax and Experian, hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his Military Star account.

33. The inaccurate information furnished by Defendant Military Star and published by the Bureaus is inaccurate since it erroneously contains a record of a late payment for the month of December 2018.

34. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

35. Plaintiff notified the Bureaus that he disputed the accuracy of the information the Bureaus were reporting on or around December 24, 2018, via dispute letters sent to each bureau.

36. It is believed and therefore averred that the Bureaus notified Defendant Military Star of the Plaintiff's dispute.

37. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, Military Star failed to conduct a reasonable investigation and continued to furnish false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

38. Furthermore, Military Star failed to mark the account as disputed despite receiving notice of the Plaintiff's dispute.

39. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

40. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

41. Notwithstanding Plaintiff's efforts, the Bureaus sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

42. As of the date of the filing of this Complaint, Defendant Military Star continues to furnish credit data which is inaccurate and materially misleading, and Defendants Equifax, Transunion and Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

43. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

44. Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.


## **FIRST CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Equifax)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

46. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

47. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

48. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

    i) Failure to reply to Plaintiff's dispute notice.

49. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

50. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681n.

51. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joshua Thurston, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

54. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

55. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)  The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

    i)  Failure to reply to Plaintiff's dispute notice.

56. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

57. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

58. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joshua Thurston, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

60. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

61. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

62. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

63. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

64. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

65. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joshua Thurston, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

68. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

69. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)  The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the
Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of
the information;

g)  The failure to promptly delete information that was found to be inaccurate, or
could not be verified, or that the source of information had advised Experian to
delete;

h)  The failure to take adequate steps to verify information Experian had reason to
believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage
by loss of credit, loss of ability to purchase and benefit from credit, and the mental and
emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to
damages under 15 U.S.C. § 1681o.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in
an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joshua Thurston, an individual, demands judgment in his favor
against Defendant, Experian, for damages together with attorney's fees and court costs pursuant
to 15 U.S.C. § 1681n.

### FIFTH CAUSE OF ACTION

**(Willful Violation of the FCRA as to Transunion)**

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
though fully stated herein with the same force and effect as if the same were set forth at
length herein.

74. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

75. Transunion violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

76. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

i)  Failure to reply to Plaintiff's dispute notice.

77. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joshua Thurston, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

82. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and

conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

83. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

    i) Failure to reply to Plaintiff's dispute notice.

84. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

85. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

86. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joshua Thurston, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

<u>**SEVENTH CAUSE OF ACTION**</u>

**(Willful Violation of the FCRA as to Defendant USAA)**

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

88. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

89. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

90. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

91. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

92. The Defendant USAA violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

93. Specifically, the Defendant USAA continued to report this account on the Plaintiff's credit report after being notified of his dispute that the account had previously been paid in full.

94. Additionally, Defendant USAA failed to mark the account as disputed despite receiving notice of the Plaintiff's dispute.

95. As a result of the conduct, action and inaction of the Defendant USAA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

96. The conduct, action and inaction of Defendant USAA was willful, rendering Defendant USAA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

97. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant USAA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joshua Thurston, an individual, demands judgment in his favor against Defendant USAA for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant USAA)

98. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

99. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

100.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

101.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

102.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

103.    Defendant USAA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

104.    After receiving the Dispute Notices from Transunion, and Experian, Defendant USAA negligently failed to conduct its reinvestigation in good faith.

105.    A reasonable investigation would require a furnisher such as Defendant USAA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

106.    Additionally, Defendant USAA failed to mark the account as disputed despite receiving notice of the Plaintiff's dispute.

107.    The conduct, action and inaction of Defendant USAA was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

108.    As a result of the conduct, action and inaction of the Defendant USAA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

109.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant USAA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joshua Thurston, an individual, demands judgment in his favor against Defendant USAA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **NINTH CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Defendant Military Star)**

110.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

111.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

112.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

113.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

114.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

115.     The Defendant Military Star violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

116.     Specifically, the Defendant Military Star continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the delinquent payment.

117.     Additionally, Defendant Military Star failed to mark the account as disputed despite receiving notice of the Plaintiff's dispute.

118.     As a result of the conduct, action and inaction of the Defendant Military Star, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

119.     The conduct, action and inaction of Defendant Military Star was willful, rendering Defendant Military Star liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

120.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Military Star in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joshua Thurston, an individual, demands judgment in his favor against Defendant Military Star for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## TENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Military Star)

121.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

122.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

123.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

124.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

125.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

126.     Defendant Military Star is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

127.     After receiving the Dispute Notices from Transunion, Equifax and Experian, Defendant Military Star negligently failed to conduct its reinvestigation in good faith.

128.     A reasonable investigation would require a furnisher such as Defendant Military Star to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

129.     Additionally, Defendant Military Star failed to mark the account as disputed despite receiving notice of the Plaintiff's dispute.

130.     The conduct, action and inaction of Defendant Military Star was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

131.     As a result of the conduct, action and inaction of the Defendant Military Star, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

132.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Military Star in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joshua Thurston, an individual, demands judgment in his favor against Defendant Military Star, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

133.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  April 27, 2020

/s/ Yaakov Saks
**Stein Saks, PLLC**
By:  Yaakov Saks
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201)-282-6501
ysaks@steinsakslegal.com